# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Dr. Frank Gaskill,<br><br>      Plaintiff,<br><br>vs.<br><br>Standard Insurance Company,<br><br>      Defendant. | Case No. 2:17-cv-1931-PMD<br><br>**NOTICE<br>OF REMOVAL** |

TO: UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA; COURT OF COMMON PLEAS FOR GEORGETOWN COUNTY, SOUTH CAROLINA; AND ALL PARTIES AND ATTORNEYS OF RECORD:

Defendant Standard Insurance Company ("Standard"), by its attorneys and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 files this Notice of Removal of the action styled *Dr. Frank Gaskill v. Standard Insurance Company*, Case No. 17-CP-22-00383 (the "Action"), from the South Carolina Court of Common Pleas for Georgetown County, to the United States District Court for the District of South Carolina.

This is a civil action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), in that the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different States. In support thereof, Standard states as follows:

## I.    NOTICE OF REMOVAL IS TIMELY

On or about May 2, 2017, Plaintiff Dr. Frank Gaskill ("Plaintiff") filed his Complaint against Standard in the South Carolina Court of Common Pleas for Georgetown County. A copy of Plaintiff's Complaint is attached hereto as **Exhibit A**. Standard was served with the Summons and Complaint on June 21, 2017.

This Notice of Removal is timely under 28 U.S.C. § 1446(b), because it is being filed within thirty (30) days of Standard's receipt of Plaintiff's Complaint, and within one year of the commencement of the Action.

## II.     DIVERSITY JURISDICTION EXISTS

This Court has original subject matter jurisdiction over the Action, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), because: (a) there is complete diversity of citizenship among the parties; and (b) the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

### The Diversity of Citizenship Requirement is Satisfied.

Plaintiff is a citizen and resident of the State of South Carolina. Standard is a wholly owned subsidiary of Meiji Yasuda Life Insurance Company, a foreign entity, with a principal place of business in Portland, Oregon. Therefore, for purposes of this Notice of Removal, Standard is a citizen of the State of Oregon. Accordingly, Plaintiff and Standard are citizens of different States.

### The Amount in Controversy Requirement is Satisfied.

Diversity jurisdiction exists when there is complete diversity among the parties and the amount in controversy is greater than $75,000, exclusive of interest and costs. *Jones v. CertusBank NA*, 605 F. App'x 218, 219 (4th Cir. 2015). If a claim does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013); *Ecker v. Liberty Mut. Ins. Co.*, No. 8:15-04040-MGL, 2015 WL 7568617, at *1 (D.S.C. Nov. 24, 2015).

In the Fourth Circuit, it is well-settled that the test for calculating the amount in controversy in a diversity proceeding is the "either viewpoint rule," which is concerned with the pecuniary result to either party that a judgment would produce. *See Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002); *Tolbert v. Cook*, CA. No. 8:13-03312-GRA, 2014 WL 1652434, at *2 (D.S.C. Apr. 23, 2014).

Plaintiff's Complaint prays for judgment "for actual, compensatory, and punitive damages" as well as attorney's fees pursuant to Title 38 of the South Carolina Code of Laws. Based upon the face of Plaintiff's Complaint, Plaintiff seeks monthly long-term disability benefits for an unspecified, but lengthy period of time. Without admitting the veracity of Plaintiff's allegations, a plain reading of the allegations shows that the claims place at issue an amount greater than Seventy-Five Thousand Dollars ($75,000.00).

In light of the complete diversity of citizenship between the parties and the requisite amount in controversy, this Court has original jurisdiction over the Action, pursuant to 28 U.S.C. §§ 1332 and 1441(b).

### III.     **REMOVAL TO THIS DISTRICT IS PROPER**

Removal venue exists in the United States District Court for the District of South Carolina, and is properly in this Court, because the South Carolina Court of Common Pleas for Georgetown County (in which the Action was originally filed) is within the jurisdiction of the District of South Carolina and the Charleston Division. *See* 28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on the Plaintiff and filed with the Clerk of Court for the South Carolina Court of Common Pleas for Georgetown County, where the Action was originally filed.

WHEREFORE, Standard prays that this Honorable Court accepts this Notice of Removal and hereby undertakes jurisdiction in the above-captioned cause of action now pending in the Court of Common Pleas for the County of Georgetown, South Carolina, that the same be removed to this Honorable Court, and that all proceedings in this case in the Court of Common Pleas for the County of Georgetown, South Carolina be stayed.

Respectfully submitted,

s/ James T. Hedgepath
James T. Hedgepath (Fed ID# 7837)
NEXSEN PRUET, LLC
55 E. Camperdown Way, Suite 400 (29601)
Post Office Drawer 10648
Greenville, South Carolina 29603
864.370.2211
E-Mail: jhedgepath@nexsenpruet.com

Michael T. Brittingham (Fed ID# 6427)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, South Carolina 29202
803.771.8900
E-Mail: mbrittingham@nexsenpruet.com

July 21, 2017
Greenville, South Carolina

Attorneys for Defendant
Standard Insurance Company